■ R² Investments, LDC, Respondent, v Carl C. Icahn et al., Appellants. Youlu Zheng et al., Respondents, v Carl C. Icahn et al., Appellants. [987 NYS2d 31]—

Order, Supreme Court, New York County (Charles E. Ramos, J.), entered January 30, 2013, which, insofar as appealed from, denied defendants' motions for summary judgment and defendants' motions to dismiss the breach of fiduciary duty claims, unanimously modified, on the law, to dismiss the claims against defendants Dell, Gradin and Knauss, and otherwise affirmed, without costs.

The motion court properly declined to dismiss the direct claims relating to nominal defendant XO Holdings Inc.'s (XO) merger in 2011, since plaintiffs allege fiduciary breaches that go beyond issues relating to factors of valuation or the mere inadequacy of the merger price, and adequately assert a nexus between defendants' alleged fiduciary breaches and the merger (see Rabkin v Philip A. Hunt Chem. Corp., 498 A2d 1099, 1106-1107 [Del 1985]; In re NYMEX Shareholder Litig., 2009 WL 3206051, *10, 2009 Del Ch LEXIS 176, *38-39 [Sept. 30, 2009, Nos. 3621-VCN, 3835-VCN]).

The motion court also properly declined to dismiss the breach of fiduciary duty claims regarding the 2008 transactions resulting in XO's recapitalization. Contrary to defendants' contention that plaintiffs have no cognizable direct claims in connection with these transactions and that any such claims can only be derivative claims no longer actionable by plaintiffs, who are former shareholders following the 2011 merger, plaintiffs' allegations that their voting rights were diluted as a result of the recapitalization that made defendant Carl Icahn a shareholder with "super voting rights" are sufficient for the challenged

claims to survive the motions to dismiss (see *In re Loral Space & Communications Inc.*, 2008 WL 4293781, *1-3, 2008 Del Ch LEXIS 136, *3-12 [Sept. 19, 2008, Nos. 2808-VCS, 3022-VCS]; *Oliver v Boston Univ.*, 2006 WL 1064169, *17, 2006 Del Ch LEXIS 75, *76 [Apr. 14, 2006, No. Civ-A-16570-NC]).

The motion court properly applied Delaware's "entire fairness" standard of review to the breach of fiduciary duty claims regarding the 2008 recapitalization (*Americas Min. Corp. v Theriault*, 51 A3d 1213, 1239 [Del 2012]; *Loral Space & Communications*, 2008 WL 4293781, *21, 2008 Del Ch LEXIS 136, *71-75). It also correctly determined that the burden of persuasion remains with defendants and that the record does not allow for a conclusion on summary judgment that the challenged transactions satisfy the entire fairness standard.

The court, however, should have dismissed the claims against the members of XO's special committee, defendants Dell, Gradin and Knauss. As conceded by respondent at oral argument, XO's Certificate of Incorporation exculpates directors for breaches of fiduciary duty except under limited circumstances not alleged by plaintiffs here (see Del Code Ann, tit 8, § 102 [b] [7]; *Emerald Partners v Berlin*, 787 A2d 85, 92 [Del 2001]; *DiRienzo v Lichtenstein*, 2013 WL 5503034, *10-13, 2013 Del Ch LEXIS 242, *33-43 [Sept. 30, 2013, No. 7094-VCP], *lv denied* 80 A3d 959 [Del 2013]). Concur—Tom, J.P., Renwick, Richter, Feinman and Gische, JJ.